IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GREGORY C. ROYAL,

                                    ORDER

                     Plaintiff,

                             08-cv-106-bbc

          v.

PETE SAYNER,
BONNIE SACIA,
SUSAN ERLANDSON,
A/K/A CUSTODY ASSESSMENT TEAM,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case has been transferred to this district from the United State District Court for the District of Columbia.  In his complaint, plaintiff Gregory Royal contends that upon the advice of defendant Pete Sayner, a guardian ad litem appointed to represent his children in a child custody dispute in the La Crosse County Circuit Court, he hired a "Custody Assessment Team" to prepare a report for the court in an effort to end "historic volatility and absolute breakdown of communication" between plaintiff and his wife regarding the best interests of their children.  According to plaintiff's complaint, defendants failed miserably at their task, instead issuing a report that contains errors, fails to mention that he is African-

1

American and the importance of his presence in his children's lives to help them deal with racial identity issues, is "biased" and in general fails to take into account his children's best interests.

In reviewing the complaint in an effort to familiarize myself with the case, I have concluded that the case must be dismissed on the court's own motion pursuant to Fed. R. Civ. P. 12(h)(3), for lack of subject matter jurisdiction .

Plaintiff contends that defendants were "grossly negligent," breached a contract (it is unclear what that contract was), failed in their fiduciary duty to his children, were unjustly enriched and discriminated against him on the basis of his gender and race.  It is clear that no matter how he attempts to characterize his claims, he is challenging a report that has been submitted to a state circuit court judge in the context of a custody dispute.

Custody disputes are an aspect of domestic relations law and are the primary responsibility of state courts.  Ex Parte Burrus, 136 U.S. 586, 593-94 (1890) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.").  Recognizing this, the Supreme Court has held that federal courts lack jurisdiction over domestic relations cases in which the relief sought would "involv[e] the issuance of a divorce, alimony, or child custody decree." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992).  This "domestic relations" exception to subject matter jurisdiction applies in such cases even when constitutional claims are

2

involved.  Allen v. Allen, 48 F.3d 259, 261-62 (7th Cir. 1995).  Therefore, plaintiff's assertions that the report discriminates against him because it is biased against him as a male and fails to take into account his race do not save his case from dismissal.

Plaintiff asks for money damages rather than injunctive relief, but his challenge is aimed at actions taken by the defendants that relate directly to the questions of the amount he may have contact with his children and under what circumstances.  Therefore, the domestic relations exception applies and prohibits this court from exercising jurisdiction over his case.  Ankenbrandt, 504 U.S. at 703.  If plaintiff is dissatisfied with rulings the presiding judge over his case might make in reliance on the report prepared by the defendants in this case, his remedy is to appeal the judge's decisions through the proper state court channels.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

The clerk is directed to close the file.

Entered this 29th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4